

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

COPY

MICHEAL A. LEHMAN
        Petitioner,

    VS.

ROBERT W. MEYERS,
SUPERINTENDENT, et al.
        Respondents.

## 1:CV 01-1251

    :
    :   CASE NO. _____
    :
    :
    :
    :

**FILED**
**SCRANTON**

JUL - 5 2001

PER _____
    DEPUTY CLERK

BRIEF IN SUPPORT OF

PETITION FOR WRIT OF HABEAS CORPUS

MICHEAL A. LEHMAN
PRO-SE PETITIONER
BJ-1575 - S.C.I. ROCKVIEW
BOX A
BELLEFONTE, PA 16823

# I. TABLE OF CONTENTS

II.   Table of Citations.....................................ii

III.  Statement of Jurisdiction..............................1

IV.   Orders in Question.....................................2

V.    Statements of Questions presented for Review...........3

VI.   Statement of the Case..............................4 – 6

VII.  Statement of Reason for Granting Habeas Corpus...7 –  15

VIII. Conclusion............................................16

IX.   Appendix "A"........................................16a

X.    Appendix "B".....................................17 – 25

XI.   Appendix "C".....................................26 –  33

## II. **TABLE OF CITATIONS**

A.     **STATUTES:**                                                                Page

1 -      Pa.R.Crim.P. 1502 .......................................................................11, 12, 13

2 -      Pa.R.Crim.P. 1504 ...........................................................................10, 12

3 -      42 Pa.C.S.A. 9545 .........................................3, 5, 7, 8, 9, 11, 14, 15


B.     **CASES:**

1 -      Commonwealth v. Ballem, ...............................................................13
         334 Pa.Super. 255, 482 A.2d 1322 (1984)

2 -      Commonwealth v. Crawley, .............................................................10
         559 Pa. 9, 739 A.2d 108 (1999)

3 -      Commonwealth v. Fahy, ...............................................................9, 10
         558 Pa. 313, 737 A.2d 214 (1999)

4 -      Commonwealth v. Guthrie, ..............................................................15
         (2000 Pa.Super. 77)

5 -      Commonwealth v. Kauffman, ...........................................................10
         405 Pa.Super. 335, 592 A.2d 691 (1991)

6 -      Commonwealth v. Kennedy, ............................................................11
         609 A.2d 1036 (Pa.Super. 1992)

7 -      Commonwealth v. Legg, ...........................................8, 9, 10, 11, 12
         551 Pa. 437, 711 A.2d 430 (1991)

8 -      Commonwealth v. Lindsey, ..............................................................10
         455 Pa.Super. 228, 687 A.2d 1144 (1996)

9 -      Commonwealth v. Martin, ................................................................13
         Pa.Super._, 705 A.2d 1337 (1998)

### III. <u>STATEMENT OF JURISDICTION</u>

The United States District Court for the Middle of Pennsylvania has jurisdiction over the subject matter of the within Petition pursuant to 28 U.S.C. §2254.

# IV. ORDERS IN QUESTION

A.  Order of Supreme Court of Pennsylvania entered on July 20, 2000 in No. 215 MD 2000, a copy of which is attached hereto an incorporated herein as Appendix "A".

B.  Opinion of Superior Court of Pennsylvania entered on February 25, 2000 in No. 1128 MDA 1999, a copy of which is attached hereto and incorporated herein as Appendix "B".

C.  Order and Opinion of the Court of Common Pleas of York County enter on May 26, 1999 in No. 2000 C.A. 1988, a copy of which is attached hereto and incorporated herein as Appendix "C".

## V. STATEMENTS OF QUESTIONS PRESENTED FOR REVIEW

A.    WHETHER THE P.C.R.A. COURT ERRED IN FAILING TO FIND THAT THE SIXTY (60) DAYS FILING RESTRICTION UNDER EXCEPTIONS CONTAINED IN 42 PA. C.S.A. SECTION 9545(b)(2) IS A VIOLATION OF DUE PROCESS OF THE CONSTITUTION OF THE UNITED STATES AND PENNSYLVANIA CONSTITUTION AND RIGHT TO COUNSEL PROVISIONS OF THE PENNSYLVANIA CONSTITUTION AND PA. R.CRIM.P. 1504.

B.    WHETHER THE P.C.R.A. COURT ERRED IN FAILING TO CONSIDER THE "PRO SE PETITION OF COURT TO FURNISH COURT RECORDS AND MOTION TO PROCEED IN FORMA PAUPERIS" AS A P.C.R.A. PETITION, IN SUBSTANCE, WHICH WOULD HAVE REQUIRED APPOINTMENT OF COUNSEL TO ASSIST THE PETITIONER.

## VI. <u>STATEMENT OF THE CASE</u>

On October 18, 1990, Petitioner was found guilty by a jury of the offenses of (1) Murder in the first degree; (2) Burglary; (3) Robbery; and (4) Criminal Conspiracy for his participation as an accomplice/"lookout". At the time of the offenses, Petitioner was fourteen years of age and at the time of trial he was sixteen years of age.

On October 22, 1990, Petitioner was sentenced by the trial court to life imprisonment for the offense of First Degree Murder, and a consecutive five to ten year sentence for the offense of Burglary, with sentences on other charges to run concurrent.

Following the filing and disposition of Post-Trial Motions, trial counsel filed a direct appeal to the Superior Court of Pennsylvania. On December 27, 1991, the Superior Court of Pennsylvania entered an Order and Opinion affirming the trial court. No further appeal or petitions were pursued by trial counsel.

On January 26, 1994, the Petitioner filed a Pro Se "Petition of Court" requesting the trial court to order that certified copies of court records be furnished to Petitioner. The petition specifically references that the purpose for the Petition was to pursue an appeal which included post conviction relief. The trial court rendered no decision/order on this Petition for almost four years. On November 24, 1997, the trial court entered an Order denying and dismissing the Petition.

On October 8, 1998, Petitioner filed a Pro Se Motion for Post Conviction Collateral Relief on grounds that the trial court erred in admitting evidence of Petitioner's confession and that trial counsel was ineffective for not reviewing the viability of the insanity defense.

On October 22, 1998, the P.C.R.A. court appointed P.C.R.A. counsel. On January 25, 1999, an Amended P.C.R.A. Petition was filed.

On January 26, 1999, a hearing on the P.C.R.A. matter was held and the P.C.R.A. court entered an Order on that same date denying post conviction relief by concluding that the Petition was time barred under 42 Pa. C.S.A. Section 9545(b)(1). The PCRA court reviewed, however, did not address substantive issues presented in the original and amended P.C.R.A. Petitions.

On February 10, 1999, Petitioner filed a Motion to Amend the prior P.C.R.A. Petitions and for Reconsideration of the Order of January 26, 1999. On February 23, 1999, the P.C.R.A. court granted leave to reconsider its prior order of January 26, 1999, and also granted leave to amend further the prior P.C.R.A. Petitions.

On May 26, 1999, the P.C.R.A. court entered an Opinion and Order which denied and refused the Appellant's Second Amended P.C.R.A. Petition, and affirmed its Order entered on January 26, 1999.

On June 25, 1999, Petitioner filed a Notice of Appeal. Petitioner filed a Statement of Matters Complained of Pursuant to Pa. R. App. P. 1925(b) on July 14, 1999, as directed by the P.C.R.A. court. Although the Statement of Matters Complained of contains twelve issues, only two of the issues were pursued on appeal and in the brief of Petitioner to the Superior Court of Pennsylvania. The P.C.R.A. court did not address substantive issues in either of the Orders of January 26, 1999, and/or May 26, 1999. Therefore, Petitioner only addressed procedural issues which were decided by the P.C.R.A. court in the appeal to the Superior Court of Pennsylvania. Petitioner also requested remand by the Superior Court of Pennsylvania in order to dispose of substantive issues.

On February 29, 2000, the Superior Court of Pennsylvania entered Memorandum Opinion affirming the P.C.R.A. court in finding that the P.C.R.A. court properly dismissed the P.C.R.A. Petition as untimely. Subsequently, <u>Allocatur</u> was denied on July 20, 2000.

Petitioner respectfully petitions this Honorable Court for Writ of Habeas Corpus.

## VII. STATEMENT OF REASON FOR GRANTING HABEAS CORPUS

**A.    WHETHER THE P.C.R.A. COURT ERRED IN FAILING TO FIND THAT THE SIXTY (60) DAYS FILING RESTRICTION UNDER EXCEPTIONS CONTAINED IN 42 PA. C.S.A. SECTION 9545(b)(2) IS A VIOLATION OF  DUE PROCESS OF THE CONSTITUTION OF THE UNITED STATES AND PENNSYLVANIA CONSTITUTION AND RIGHT TO COUNSEL PROVISIONS  OF THE PENNSYLVANIA CONSTITUTION AND PA.R.CRIM.P. 1504.**

Petitioner contends that the lower court erred in finding that Petitioner did not timely file the Petition for Post Conviction Collateral Relief pursuant to 42 Pa.C.S.A. Section 9545(b)(1)(iii)(2).

In the present case, on October 8, 1998, Petitioner filed a Pro Se Motion for Post Conviction Collateral Relief which specifically raised the issue of trial counsel's ineffectiveness for failing to review and present a viable insanity defense.  On October 22, 1998, the P.C.R.A. court appointed present P.C.R.A. counsel.  Following the filing of an Amended P.C.R.A. Petition, a hearing was held which addressed the issue of trial counsel's ineffectiveness for failure to pursue and present an insanity defense as raised in the Amended P.C.R.A. Petition.  On January 26, 1999, the P.C.R.A. court entered an Order denying the Post Conviction Collateral Relief Petition based on the untimely filing of the same.

On February 10, 1999, Petitioner filed a motion to amend the prior P.C.R.A. Petitions and for reconsideration of the lower court's Order of January 26, 1999.  The P.C.R.A. court entered an Order on February 23, 1999, granting leave to reconsider the Order of January 26, 1999, and also granting leave to further amend the P.C.R.A. Petition.

The parties filed Memorandum of Law regarding the issues contained in the second amended P.C.R.A. Petition.

The P.C.R.A. court entered an Opinion and Order on May 26, 1999, denying and refusing the Appellant's Second Amended P.C.R.A. Petition and affirming the Order of January 26, 1999.

The Opinion of the P.C.R.A. court dated May 26, 1999, acknowledges the Petitioner's contention that trial counsel was ineffective for failure to present an insanity mental infirmity/diminished capacity defense. Furthermore, the P.C.R.A. court acknowledges that the case of Commonwealth v. Legg, 551 Pa. 437, 711 A.2d 430 (1998) first recognized such a claim to constitute ineffective assistance of counsel. The P.C.R.A. court found that the decision in Commonwealth v. Legg, supra, was decided by the Supreme Court of Pennsylvania on April 3, 1998. Therefore, the P.C.R.A. court concluded that the Petition for Post Conviction Collateral Relief was untimely and was not filed within sixty (60) days of the date it could have been presented pursuant to 42 Pa.C.S.A. 9545(b)(1)(iii) and (2). The P.C.R.A. court found that the P.C.R.A. Petition was filed more than six (6) months following the date of the decision in Commonwealth v. Legg, supra.

42 Pa.C.S.A. 9545(b) provides in pertinent part:

"(b)    Time for filing petition. --

(1)    Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that;

(i)    the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii)    the facts upon which the claim is predicted were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

*(iii)    the right asserted is a constitutional right that was  recognized by the Supreme Court of the United States or the  Supreme Court of Pennsylvania after the time period provided in  this section and has been held by that court to apply retroactively.*

*(2)    Any petition invoking an exception provided in paragraph  (1) shall be filed within 60 days of the date the claim could have been  presented...."*

*42 Pa.C.S.A. 9545(b)*

Petitioner recognizes and concedes that the P.C.R.A. Petition was not filed until October of 1998, which is well beyond the sixty (60) days following April 3, 1999, the decision date of Commonwealth v. Legg, supra., as noted by the Pennsylvania Superior Court Opinion (Opinion p. 6). However, the Superior Court of Pennsylvania did not address Petitioner's contention that the P.C.R.A. court inappropriately found that the sixty (60) day limitation period of Section 9545(b)(2) began to run on the decision date of Commonwealth v. Legg, supra.

Petitioner recognizes that the time limitations contained in the Post Conviction Collateral Relief Act as amended in 1995 are jurisdictional in nature and does not permit the courts to expand such restrictions. Commonwealth v. Fahy, 558 Pa.Super. 313, 737 A.2d 214, 222 (1999)

Petitioner encourages this court to provide an interpretation of the ambiguous and vague language of 42 Pa.C.S.A. 9545(2) which provides that "any petition involving an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented." (emphasis added)

Petitioner concedes that the decision in Commonwealth v. Legg, supra., was not decided until April 3, 1998. As requested of the P.C.R.A. court, Petitioner requests this court to take judicial notice that the decision was not published until July 16, 1998.

Although Appellant's Pro Se Petition is filed beyond the sixty (60) days of the decision and publishing date of Commonwealth v. Legg, supra. Appellant contends that he is unable to

9

"present his claim" effectively and timely without appointment of counsel in regard to the first P.C.R.A. filing.

Pa. R. Crim. P. Rule 1504(a) provides in part:

*"When an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, the judge shall appoint counsel to represent the defendant on the defendant's first petition for post-conviction collateral relief."*

*Pa. R.Crim.P. Rule 1504*

This right to counsel for a first P.C.R.A. Petition, is recognized by the Appellant Court's of the Commonwealth Pennsylvania. See: Commonwealth v. Lindsey, 455 Pa.Super. 228, 687 A.2d 1144 (1996); Commonwealth v. Kauffman, 405 Pa.Super. 335, 592 A.2d 691 (1991)

In the case of Commonwealth v. Crawley, 559 Pa. 9, 739 A.2d 108 (1999) this court held that the 60 day time limitation begins to run when Defendant has knowledge of the claim. Furthermore, in the case of Commonwealth v. Fahy, supra this court held that the 60 day time limitation for filing a claim of governmental interference which qualifies as an exception to the one-year time limitation for filing a P.C.R.A. Petition, is construed to run, at the latest, when Defendant informs counsel of this claim. Commonwealth v. Fahy, 558 Pa.Super. at_, 737 A.2d at 219-220 (1999)

Petitioner contends that the P.C.R.A. court erred in determining that the Petitioner did not timely file the claim within 60 days of he or his counsel becoming aware of the claim for ineffective assistance of counsel under Commonwealth v. Legg, supra. P.C.R.A. counsel was not appointed until October 22, 1998. Although he raised the issue of ineffective assistance of counsel in the original P.C.R.A. Petition, P.C.R.A. counsel subsequently fashioned the argument under Commonwealth v. Legg, supra by filing an amended P.C.R.A. Petition.

Petitioner contends that the original P.C.R.A. Petition was not filed within 60 days of the decision or publication date of Commonwealth v. Legg, supra. However, to hold that the Pro Se Petition is untimely under 42 Pa.C.S.A. 9545 is a violation of Petitioner's right to counsel under Rule 1502 and Article I, Section 9, of the Constitution of the Commonwealth of Pennsylvania.

To hold otherwise, would require pro se defendants to ascertain recently recognized constitutional rights in decisions of the Supreme Court of the United States or the Supreme Court of Pennsylvania and require that the right be asserted in a P.C.R.A. Petition within 60 days of the decision. Without assistance of counsel, this requirement amounts to an impossibility.

In the alternative, Petitioner contends that the time limitations, as it applies to the circumstances in the present case, are a violation of the due process clause of the Constitution of the United States and the Constitution of the Commonwealth of Pennsylvania. In effect the 60 day time limitation denies Petitioner the right to be heard on any recently recognized constitutional right before he or any counsel may be aware of the right to assist Petitioner in pursuing such a claim.

In the present case, the Superior Court of Pennsylvania determined that it is not obligated to address Petitioner's constitutional argument if constitutional questions may be resolved on nonconstitutional grounds based on the case of Commonwealth v. Kennedy, 609 A.2d 1036 (Pa.Super. 1992)(Opinion p. 6). However, the Pennsylvania Superior Court further holds that the exception contained in 9545(b)(2) is not available to Petitioner based on the finding in Commonwealth v. Legg, supra, which represents a mere application of the long standing constitutional right to effective assistance of counsel. This clearly is a decision and holding addressing constitutional issues.

Petitioner disagrees and contends that <u>Commonwealth v. Legg, supra</u> is a newly determined constitutional right that was recently recognized by this Honorable Court.

Petitioner respectfully requests this Honorable Court that an appeal be granted in this matter.

**B.      WHETHER THE P.C.R.A. COURT ERRED IN FAILING TO CONSIDER THE "PRO SE PETITION OF COURT TO FURNISH COURT RECORDS AND MOTION TO PROCEED IN FORMA PAUPERIS" AS A P.C.R.A. PETITION, IN SUBSTANCE, WHICH WOULD HAVE REQUIRED APPOINTMENT OF COUNSEL TO ASSIST THE PETITIONER.**

Petitioner contends that the P.C.R.A. court erred in failing to find that the trial court's prior Order of January 26, 1994, violated Pa.R.Crim.P. Rule 1502 and Article I, Section 9, of the Pennsylvania Constitution.   The trial court failed to provide appointment of counsel for Petitioner upon his filing of the "Petition to the Court and Motion to Proceed in Forma Pauperis" on January 26, 1994.

The record reflects that the Petitioner filed a "Petition to the Court and Motion to Proceed in Forma Pauperis on January 26, 1999.  This Petition requested copies of the trial transcript for the purpose of filing a P.C.R.A. Petition.  On November 24, 1997, over three (3) years after the filing of this Petition, the trial court entered an Order denying the request of the Petition.

Petitioner contends that the trial court erred in not considering the "Petition to the Court and Motion to Proceed in Forma Pauperis" as a P.R.H.A. Petition, resulting in the mandated appointment of counsel for Appellant's first P.C.H.A. Petition pursuant to Pa.R.Crim.P. 1504.

Pa.R.Crim.P. 1504 provides in part:

*"When an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, the judge shall appoint counsel to*

*represent the defendant on the defendant's first petition for post-conviction collateral relief.*

Petitioner recognizes that the court is not required to comply with a Defendant's request for transcripts in order to pursue relief in a P.C.R.A. Petition. Commonwealth v. Martin, _Pa. Super._, 705 A.2d 1337 (1998); Commonwealth v. Ballem, 344 Pa.Super., 255, 482 A.2d 1322 (1984)

In the present case, the Superior Court of Pennsylvania noted that case law was not mandated that counsel be appointed regarding a pro se request for transcripts. (Opinion p. 7) However, Petitioner's pro se "Petition of Court" is distinguishable in that it specifies that the request for transcripts is being made in order to pursue post conviction relief.

The Superior Court of Pennsylvania also held in the present case that nothing prevented Petitioner from initiating a P.C.R.A. claim with the grace period ending January 10, 1997. The Opinion indicates that counsel could have been appointed and gained access to the transcript court record (Opinion p. 7 – 8). However, the Superior Court fails to consider that the Pro Se Petition was awaiting a response to his request for transcripts to pursue the P.C.H.A. Petition, and, without appointment of counsel, was not aware that he should have filed a P.C.H.A. or P.C.R.A. Petition by January 10, 1997.

Appellant contends that the trial court's failure to appoint counsel to assist Petitioner upon the filing of the Petition violated Rule 1502 and Article I, Section 9, of the Constitution of the Commonwealth.

In addition, Appellant contends that the delay in filing a specific P.C.R.A. Petition following the Order entered on November 24, 1997, until October 8, 1998, was caused by the lower court's failure to act on the Petition of Appellant for over three (3) years.

13

Petitioner alleges that this delay constitutes delay caused by government interference under 42 Pa.C.S.A. 9545(b)(l)(I)

42 Pa.C.S.A. 9545(b) provides:

> "(1)   Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> (i)     the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii)   the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.
>
> (2)    Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.
>
> (3)    For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.
>
> (4)    For purposes of this subchapter, "government officials" shall not include defense counsel, whether appointed or retained."

42 Pa.C.S.A. 954(b)

In the instant case, the Superior Court of Pennsylvania, again, holds that although the "Petition of Court" was languished in judicial limbo, Lehman could have filed a timely P.C.R.A. Petition. (Opinion p. 8). The court further decided that the pending petition need not be resolved first "except possibly in Lehman's own inaccurate belief. This is Petitioner's exact contention

that, without appointment of counsel, he was not able to pursue post conviction relief and was mistakenly under the impression that he would be receiving transcripts pursuant to his request.

In the recent case of <u>Commonwealth v. Guthrie,</u> 2000 Pa.Super 77 (Pa.Super.2000), the Superior Court of Pennsylvania recognized the need to appoint counsel for those defendants who are completely ignorant of P.C.R.A. proceedings and make no specific request for counsel. <u>Commonwealth v. Guthrie,</u> 2000 Pa.Super. 77 (Pa.Super 2000).

Finally, the Superior Court of Pennsylvania finds that 9545(b)(1)(i) requires an intentional interference by government officials in order to be a valid claim. (Opinion p. 8) Petitioner finds  no such language in 42 Pa.C.S.A. 9545(b)(1)(i).  Petitioner contends that the delay caused by the trial court's failure to act on his "Petition of Court", whether negligent or intentional, caused the Pro Se Petitioner to withhold the filing of a P.C.H.A./P.C.R.A. Petition.

Petitioner respectfully requests that this Honorable Court grant an Appeal in this matter.

## VIII. CONCLUSION

Petitioner respectfully requests this Honorable Court to grant an appeal based on reasons contained herein.

Respectfully submitted,

MICHEAL A. LEHMAN
PRO-SE PETITIONER
BJ-1575 - S.C.I. ROCKVIEW
BOX A
BELLEFONTE, PA 16823

DATE: 5/25/01

16

APPENDIX "A"

# IN THE SUPREME COURT OF PENNSYLVANIA
## MIDDLE DISTRICT

COMMONWEALTH OF PENNSYLVANIA, :    No. 215 M.D. Allocatur Docket 2000

              Respondent    :

                            :    Petition for Allowance of Appeal from the
                            :    Superior Court

                    v.    :

                            :

MICHAEL A. LEHMAN,    :

              Petitioner    :

                            :

## ORDER

**PER CURIAM:**

    **AND NOW,** this 20th day of July 2000, the petition for allowance of appeal is denied.

TRUE & CORRECT COPY

ATTEST JUL 2 0 2000

*Shirley J. Phipps*

SHIRLEY J. PHIPPS
APPELLATE CLERK

APPENDIX "B"

J. S06016/00

| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| Appellee | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MICHAEL A. LEHMAN | : | |
| Appellant | : | No. 1128 MDA 1999 |

Appeal from the Order entered on
May 26, 1999 in the Court of Common Pleas,
York County, Criminal, No. 2000 CA 1988

FEB 2 6 2000
RECEIVED

BEFORE: CAVANAUGH, ORIE MELVIN, and BROSKY, JJ.

MEMORANDUM:                                    **F I L E D** FEB 2 5 2000

Michael A. Lehman appeals the order entered May 26, 1999, disposing of Lehman's first petition brought pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. Lehman's petition was dismissed following hearing on the basis that the court found it to be untimely filed. We affirm.

On January 18, 1990, Lehman was convicted by jury trial of first degree murder and related crimes in connection with the June 18, 1988 killing of a youth counselor at a children's group home in York, where Lehman had resided. Lehman, who was 14 years old at the time, acted as a lookout while the victim was slain by two other youths and an adult accomplice. On October 22, 1990, Lehman was sentenced to an aggregate term of life plus 5 to 10 years' imprisonment.

J.S06016/00

Following his trial, Lehman pursued a direct appeal. This Court affirmed the judgment of sentence on December 27, 1991. ***Commonwealth v. Lehman***, 606 A.2d 1231 (Pa.Super. 1991) (unpublished memorandum). On January 24, 1994, Lehman filed, *pro se*, a "Petition of Court," in which he requested that he be furnished with copies of all of his transcripts in order to pursue a PCRA petition. For unknown reasons, this petition was not resolved until November 24, 1997, when it was denied by order of court pursuant to ***Commonwealth v. Ballem***, 482 A.2d 1322 (Pa.Super. 1984).

Eventually, Lehman turned to the PCRA for relief, filing his first petition on October 8, 1998. Counsel was assigned and a hearing was held on January 26, 1999. On that same date, the PCRA court entered an order denying relief on the basis that Lehman's petition was untimely filed. Thereafter, Lehman moved the court for permission to amend his PCRA petition to address the timeliness issue. The court granted this request and, following further pleadings, again denied relief on May 26, 1999 on the basis of untimeliness. Lehman now appeals.

We agree that Lehman's petition was properly denied as untimely filed. Our resolution will begin with a general discussion of the untimeliness of Lehman's petition, and will thereafter examine the particular arguments presented on appeal.

J.S06016/00

Pursuant to 42 Pa.C.S.A. § 9545, any PCRA petition must be filed within one year of the date the judgment becomes final, excepting under three very limited circumstances:

(b) Time for filing petition.--

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence;  or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

(3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

(4) For purposes of this subchapter, "government officials" shall not include defense counsel, whether appointed or retained.

42 Pa.C.S.A. § 9545 (b).

J.S06016/00

Instantly, Lehman's judgment of sentence became final 30 days after this Court affirmed the judgment of sentence on December 27, 1991, and the time allowed for petitioning for allowance of appeal to our Supreme Court expired.  *See* 42 Pa.C.S.A. § 9545 (b)(3); Pa.R.A.P. 903, 42 Pa.C.S.A.  Thus, for the purposes of § 9545, Lehman's judgment of sentence became final on January 27, 1992.[1]  On its face, then, Lehman's petition would appear to be untimely as the petition was not filed until over six and one-half years later.

Nevertheless, § 9545, which was rewritten in 1995, contains a proviso that grants a grace period to petitioners whose judgments of sentence became final on or before the effective date of the amendment:

> Section 3(1) of Act 1995 (Spec. Sess. No. 1), Nov. 17, P.L. 1118, No. 32 provides that the amendment of 42 Pa.C.S. §§ 9542, 9543, 9544, 9545 and 9546 shall apply to petitions filed after the effective date of this act;  *however, a petitioner whose judgment has become final on or before the effective date of this act shall be deemed to have filed a timely petition under 42 Pa.C.S. Ch. 95 Subch. B if the petitioner's first petition is filed within one year of the effective date of this act.*

42 Pa.C.S.A. § 9545, Historical Notes (emphasis added).

The effective date of the amendment was January 16, 1996.  Thus, where the petitioner's first petition was filed by January 16, 1997, it would be deemed timely.  Unfortunately for Lehman, his petition was filed well over a year after the grace period expired.  Again, Lehman's petition appears to

---

[1] The actual 30th day, January 26, 1992, was a Sunday and is not included in the computation of time.  1 Pa.C.S.A. § 1908.

J.S06016/00

be manifestly untimely.  *See Commonwealth v. Alcorn*, 703 A.2d 1054

(Pa.Super. 1997), *appeal denied*, 555 Pa. 711, 724 A.2d 348 (1998).

Finally, § 9545 also provides for three excepted circumstances wherein

a petition will still be considered timely even though it is filed more than a

year after the judgment of sentence became final.  These exceptions include

interference by government officials in the presentation of the claim, after-

discovered facts or evidence, and an after-recognized constitutional right.

This brings us to the particular arguments that Lehman raises on appeal.

We shall address them in the order presented.

Following the rejection of Lehman's initial PCRA petition on the basis of

untimeliness on January 26, 1999, Lehman was permitted to amend his

petition to address the untimeliness issue.  In response, Lehman's amended

petition contended that one of the time-of-filing exceptions described under

§ 9545 (b)(1) applied in his case.[2]  Specifically, Lehman claimed that

pursuant to § 9545 (b)(1)(iii), an after-recognized constitutional right

allowed his petition to be considered.

Lehman argued that his trial counsel had rendered ineffective

assistance by failing to present an insanity or diminished capacity defense.

Lehman argued that in *Commonwealth v. Legg*, 551 Pa. 437, 711 A.2d

---

[2] The record is unclear on this issue, but from the order the PCRA court issued on January 26, 1999, Lehman may also have raised another exception, § 9545 (b)(1)(i), pertaining to interference by government officials resulting in the failure to raise the claim previously.  Lehman does assert this exception on appeal also, and we shall address it presently.

J.S06016/00

430 (1998), the Supreme Court recognized for the first time that such an omission constituted ineffective assistance of counsel. The PCRA court responded by noting that the PCRA also sets a time limit on bringing a petition under the exceptions. Pursuant to § 9545 (b)(2), petitions invoking exceptions must be brought within 60 days of the date the claim could have presented. The PCRA court then observed that while *Legg* was decided on April 3, 1998, Lehman did not file his petition until October 8, 1998. The court concluded that Lehman did not bring himself within the ambit of the exception because he filed his petition over six months after he could have presented his claim.

On appeal, Lehman raises a number of arguments as to why the 60-day limitation period of § 9545 (b)(2) is unconstitutional under either the state or federal constitutions. However, we need not reach any of these constitutional arguments, because we may resolve this matter on nonconstitutional grounds. Moreover, we are obligated to avoid constitutional questions where issues may be resolved on nonconstitutional grounds. *Commonwealth v. Kennedy*, 604 A.2d 1036 (Pa.Super. 1992), *appeal denied*, 531 Pa. 638, 611 A.2d 711 (1992).

Simply stated, we need not invoke § 9545 (b)(2), because *Commonwealth v. Legg* does not represent the recognition of a new constitutional right so as to allow consideration of Lehman's petition under the exception in the first place. Rather, *Legg* simply represents the

J.S06016/00

application of a *long-standing* constitutional right, the right to effective assistance of counsel, to a new fact situation, counsel's failure to consider an insanity defense. Thus, this exception was not available to Lehman and we may affirm the decision below on that basis.[3] We need not address the constitutionality of § 9545 (b)(2) as our decision is not grounded thereon.

Lehman's second argument on appeal is that his "Petition of Court," filed *pro se* on January 24, 1994, requesting copies of all transcripts so that a PCRA petition could be prepared, should have been treated by the court as a first PCRA petition mandating the appointment of counsel. Unfortunately for Lehman, our case law has not directed this result. Instead, where petitioners have requested the production of documents where no PCRA petition is pending, the cases have held that merely denying production of the documents is proper. ***Commonwealth v. Crider***, 735 A.2d 730 (Pa.Super. 1999); ***Commonwealth v. Martin***, 705 A.2d 1337 (Pa.Super. 1998); ***Commonwealth v. Ballem, supra***. In none of these cases was the lower court instead directed by this Court to treat the request for documents as a *de facto* PCRA petition. We reiterate that there was nothing to prevent appellant from initiating his PCRA claim within the grace period ending January 16, 1997. Counsel could have been appointed and gained access to

---

[3] An appellate court may affirm on any valid basis. ***Commonwealth v. Clutter***, 615 A.2d 362, n.7 (Pa.Super. 1992), *appeal denied*, 535 Pa. 644, 633 A.2d 149 (1993).

J.S06016/00

the original record. *See* Pa R. Crim. P. 1504(a) and the petition could have

been amended Pa. R. Crim. P. 1505(a).

Lehman also makes vague arguments that the failure to consider this

petition as a PCRA petition and appoint counsel also violates his statutory

and constitutional rights to counsel.   However, he cites no authority in

support of these bald assertions and we decline to review such rudimentary

contentions. *See Commonwealth v. Gonzalez*, 608 A.2d 528 (Pa.Super.

1992).

Finally, Lehman presents an assertion that yet another exception

under § 9545 (b)(1) allows his petition to be heard.  Here, Lehman argues

that the delay in resolving his "Petition of Court" until after the time for filing

his PCRA petition expired constitutes interference by government officials

with the presentation of his claim previously.   Lehman thus attempts to

invoke the time-of-filing exception described at § 9545 (b)(1)(i).

In response, we observe that the delayed decision on Lehman's

"Petition of Court" did not actually prevent Lehman from filing a timely PCRA

petition.  Even while this petition languished in judicial limbo, Lehman would

still have been able to file a timely PCRA petition.  The pending petition did

not need to be resolved first, except possibly in Lehman's own inaccurate

belief.  Moreover, we find that a simple delayed judicial decision could not

constitute the sort of interference contemplated by § 9545 (b)(1)(i), absent

any evidence of an intent by the delaying court to interfere thereby.

24

J.S06016/00

   Accordingly, having found that the PCRA court properly dismissed this

petition as untimely, we affirm the order below.

   Order affirmed.


Judgment Entered.

Prothonotary

Date:_____ FEB 2 5 2000 _____

APPENDIX "C"

IN THE COURT OF COMMON PLEAS OF YORK COUNTY, PENNSYLVANIA

COMMONWEALTH                                        : NO. 2000 CA 1988

        V.                                                   :

MICHAEL A. LEHMAN                                   :

APPEARANCES:

      EDWARD A. PASKEY, ESQUIRE
      Assistant District Attorney
      For the Commonwealth

      JEFFREY C. MARSHALL, ESQUIRE
      For the Defendant

### OPINION

Pending before the Court is a Second Amended P.C.R.A. Petition. The Petition will be denied for the reasons hereinafter stated.

PROCEDURAL HISTORY

On June 19, 1988 a criminal complaint was filed charging the Defendant and three others with burglary, robbery, criminal conspiracy and criminal homicide, murder in the first and third degrees in regards to the killing of Kwame Beatty on June 18, 1988, at a youth facility in York County where the victim was a staff person.

This Defendant was fourteen years of age at the time of the offenses and sixteen years of age at the time of the trial in the case in January of 1990.

Following a lengthy trial, the Defendant was found guilty of murder in the first degree, criminal conspiracy to commit murder in the first degree, burglary, criminal conspiracy to commit burglary, robbery and criminal conspiracy to commit robbery.

RECEIVED
MAY 28 1999

Inasmuch as the Commonwealth had filed notice of intention to seek the death penalty, the case then proceeded to the death penalty phase and when the jury could not return a unanimous verdict, the Trial Judge, the Honorable John T. Miller, now Senior Judge, imposed a life sentence on the first degree murder conviction. This sentence was imposed on January 18, 1990.

There followed Post-Trial Motions in the nature of a Motion in Arrest of Judgment and for a New Trial. These Motions were filed on January 20, 1990. The Defendant thereafter advanced an additional Motion for New Trial on the basis of after discovered evidence on April 11, 1990.

Judge Miller dismissed the initial Motion in Arrest of Judgment and for a New Trial by order dated September 25, 1990 and reimposed the sentence of life imprisonment on October 22, 1990. He imposed additional sentences of five to ten years consecutive on the burglary conviction, five to ten years concurrent on the robbery conviction and three to six years concurrent on the various conspiracy charges.

On October 29, 1990, and after hearing, Judge Miller refused the Defendant's Motion for a New Trial on the basis of after discovered evidence.

Trial Counsel who had been court appointed to represent the Defendant pursued a direct appeal to the Superior Court of Pennsylvania which affirmed the Judgment of Sentence on December 27, 1991.

On January 26, 1994, the Defendant filed a Pro Se "Petition of Court" in which he

requested the Trial Court to enter an order "furnishing him with certified copies of court records in forma pauperis." The Petition references that the purpose for requesting the various court records including preliminary hearing transcripts, arraignment hearing transcripts, adjudication hearing transcripts, any and all evidentiary/suppression transcripts, all trial transcripts and all sentencing transcripts was to "enable [the Defendant] to properly affectuate [*sic*] an appeal" to include pursuit of Post Conviction Collateral Relief. Judge Miller, by order of November 24, 1997, denied and dismissed that Petition under authority of <u>Commonwealth v. Ballem</u>, 334 Pa.Super. 255, 482 A.2d 1322 (1984).

On October 8, 1998, the Defendant filed a Pro Se Motion for Post Conviction Collateral Relief stating:

> 1.    That the Trial Court erred in admitting into evidence the confession of Defendant which was obtained in violation of the Defendant's Sixth Amendment right to counsel.
> 2.    That counsel for Defendant was ineffective for not reviewing the viability of the insanity defense.

On October 22, 1998, this Court appointed P.C.R.A. Counsel, Jeffrey A. Marshall, Esquire, who filed a First Amended P.C.R.A. Petition on January 25, 1999. A hearing was held on January 26, 1999, following which, this Court entered an order denying the requested relief[1].

---

[1]    In our Order of January 26, 1999, we reviewed the substantive issues and grounds raised by the Defendant, however, concluded that P.C.R.A. relief was time barred under Section 9545 (b)(1) of the Post Conviction Relief Act and that the Defendant failed to allege and prove facts which would bring him under any of the exceptions as set forth in Section 9545 b1 (i), (ii), or (iii). See also <u>Commonwealth v. Perry</u>, ___ Pa. Super. ___, 716 A.2d 1259 (1998).

Thereafter on February 10, 1999, P.C.R.A. Counsel filed a Motion to Amend his Amended P.C.R.A. Petition and for Reconsideration of the Order of January 26, 1999. We granted leave to P.C.R.A. Counsel to file a Second Amended P.C.R.A. Petition and also granted reconsideration of our prior Order of January 26, 1999.

This Opinion addresses the newly raised issues.

DISCUSSION

P.C.R.A. Counsel first asserts that Judge Miller's failure to respond to the Defendant Pro Se "Petition of Court" filed January 26, 1994, until November 24, 1997, falls within one of the exceptions to the one year filing requirement or in the alternative, that we should consider the Defendant's "Petition of Court" of January 26, 1994 as a P.C.H.A./P.C.R.A. Petition. This we are unwilling to do.

The time filing requirements were imposed under the Act of November 17, 1995, effective January 16, 1996. See 42 Pa.C.S.A. § 9541 et seq. In that regard, Section 9545 (b) of the Act provides:

> (b) Time for filing Petition. —
> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been

ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

(3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

(4) For purposes of this subchapter, ""government officials" shall not include defense counsel, whether appointed or retained.

Our Appellate Courts have repeatedly held that where no proceedings are pending, defendants are not entitled to transcripts and other documents. See Commonwealth v. Martin, ___ Pa. Super. ___, 705 A.2d 1337 (1998) and Commonwealth v. Ballem, 334 Pa. Super. 255, 482 A.2d 1322 (1984). This is so even where the defendant "asserts that the requested documents are necessary in order for him to pursue relief in post-conviction proceedings." See Commonwealth v. Martin, supra, see also, U.S. ex rel. Hansler v. Pennsylvania, 294 F. Supp. 542 (E.D. Pa. 1968), where the Federal District Court ruled there was no need to furnish free transcripts merely for "perusal or curiosity" in the absence of a pending appeal or post-conviction proceeding. The court there held that to do so would severely tax the judicial system by encouraging such petitions from those with little better to do than second-guess their day

in court.

Further, a thorough review of the Defendant's "<u>Petition of Court</u>" of January 26, 1994, fails to set forth any specific basis for P.C.H.A./P.C.R.A. relief. We also conclude that although Judge Miller's Order was delayed in responding to that Petition, inasmuch as the Defendant was not entitled to the relief requested, the attendant delay could not have worked to the Defendant's prejudice. We also refuse and deny the Defendant's request to treat that Petition as a P.C.H.A. or P.C.R.A. filing.

The Defendant next asserts that Trial Counsel was ineffective for not having investigated and presented an insanity/mental infirmity/diminished capacity defense, and that such failure has only recently been recognized to constitute ineffective assistance of counsel. See <u>Commonwealth v. Legg</u>, 551 Pa. 437, 711 A.2d 430 (1998). The <u>Legg</u> decision was decided by the Supreme Court on April 3, 1998. The Defendant urges that an exception to the one year filing requirement is recognized so long as the Petition invoking the exception is filed within sixty days from the date the claim <u>could have</u> been presented. See Section 9545 (b)(1)(iii) and (2). Here the Defendant's P.C.R.A. Petition was not filed until October 8, 1998, which was more than six months after the filing of the <u>Legg</u> decision. We conclude therefore that the Defendant has failed to meet the filing requirements to raise that issue and has failed to bring himself within the exceptions noted.

Finally, the Defendant asserts that the sixty day filing restriction contained under

Section 9545 (b)(2) is overly restrictive and in violation of the equal protection, due process and right to counsel provisions of the United States and Pennsylvania Constitutions. The Defendant presents no authority for these positions and we decline to so hold.

CONCLUSION

    Based upon all the foregoing, the Second Amended P.C.R.A. Petition will be denied and refused.

                                            BY THE COURT,

                                            MICHAEL J. BRILLHART
                                            JUDGE

DATE: May 26, 1999

IN THE COURT OF COMMON PLEAS OF YORK COUNTY, PENNSYLVANIA

COMMONWEALTH                              : NO. 2000 CA 1988

     V.                                        :

MICHAEL A. LEHMAN                         :

APPEARANCES:

    EDWARD A. PASKEY, ESQUIRE
    Assistant District Attorney
    For the Commonwealth

    JEFFREY C. MARSHALL, ESQUIRE
    For the Defendant

## ORDER

AND NOW, TO WIT, this 26th day of May, consistent with the foregoing, the

Defendant's Second Amended P.C.R.A. Petition filed February 10, 1999, is denied and

refused and we affirm our Order entered on January 26, 1999.

                            BY THE COURT,

                            MICHAEL J. BRILLHART
                            JUDGE

DATE: May 26, 1999