

7/13/q
MA

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**MICHAEL ALLEN LEHMAN,**     :     CIVIL NO. 01-1251

        Petitioner     :

v.     :

**ROBERT W. MEYERS,**     :

        Respondent     :

FILED
HARRISBURG, PA

JUL 13 2001

MARY E. D'ANDREA, CLERK
Per _____
       Deputy Clerk

### ADMINISTRATIVE ORDER WITH NOTICE OF LIMITATIONS ON FILING OF PETITIONS UNDER 28 U.S.C. § 2254

TO THE PETITIONER:

The court has received from you a habeas petition, governed by 28 U.S.C. § 2254. This filing presents grounds attacking your conviction or the sentence imposed or both.

The purpose of this notice is to inform you of limitations upon your right to file a petition under section 2254 in the future if you decide to move forward with your petition.

Under 28 U.S.C. § 2244(b)(3)(A), no second or successive habeas petition under section 2254 is allowed unless there are exceptional circumstances and the petitioner has obtained permission from the appropriate court of appeals. This means that if your current filing is considered on the merits and rejected, you no longer have the right to simply file another 2254 petition in this court raising other grounds for relief, even if you are attempting to raise grounds that you did not think of before filing the current petition.

Instead, you would have to move in the court of appeals for a certificate allowing you to file a second 2254 petition. Further, the grounds upon which you could

rely to obtain that certificate, and proceed with a second 2254 petition, are limited to two extremely rare circumstances: (1) newly discovered evidence, that is, evidence that was not available to you at the time you were convicted; or (2) a new rule of constitutional law that was previously unavailable to you and is made retroactive to cases on collateral review by the Supreme Court. Please consult 28 U.S.C. § 2244(b)(2) for further details.

Because these grounds are so limited, in most cases they will result in the denial of approval to file a second or successive 2254 petition, thereby barring the litigation on grounds that had not been presented in the first 2254 petition.

Thus, if you decide you want the court to proceed with your current filing, you should carefully consider whether the filing raises all the grounds for relief from your conviction. If you think it may not, you may want to withdraw it before the court considers it. The court will allow you to do this now without prejudice to your right, after you have given your case more thought, to file a revised § 2254 petition.

If you do decide to withdraw your petition with the intent of filing a comprehensive 2254 petition in the future, you are also advised that 28 U.S.C. § 2244(d) sets forth a one-year statute of limitations for filing a 2254 petition. It also specifies periods of time that are not counted toward the limitations period. You should consult this section for when the one-year period starts to run.

You, the petitioner, are hereby advised that you have the following options:

1) You may have your filing ruled upon as submitted; or

2) You may withdraw your filing without prejudice and file one all-inclusive section 2254 petition raising all grounds for relief from your conviction within the limitations periods set forth above.

2

Accordingly, **IT IS HEREBY ORDERED THAT:**

1) Petitioner is granted 30 days from the date of this order to inform the court of the decision he has made. If Petitioner fails to so notify the court, the court will rule on the current filing as submitted.

2) If the one-year statute of limitations period would expire during this 30 day period, the limitations period is tolled from the date of this order until Petitioner's response is filed, or until 30 days have elapsed, whichever is earliest. In these circumstances, and if Petitioner decides to file an all-inclusive 2254 petition raising all grounds for relief, Petitioner's response must also be accompanied by his new 2254 petition.

SYLVIA H. RAMBO
United States District Judge

Dated: July *13*, 2001.

3

```
              UNITED STATES DISTRICT COURT
                        FOR THE
              MIDDLE DISTRICT OF PENNSYLVANIA

              * * MAILING CERTIFICATE OF CLERK * *

                       July 13, 2001
```

Re:   1:01-cv-01251    Lehman v. Meyers

True and correct copies of the attached were mailed by the clerk to the following:

    Michael A. Lehman              (with Notice of Election form)
    SCI-Rockview
    BJ-1575
    Box A
    Bellefonte, PA   16823-0820


cc:
Judge                            (X)          ( ) Pro Se Law Clerk
Magistrate Judge                 ( )          ( ) INS
U.S. Marshal                     ( )          ( ) Jury Clerk
Probation                        ( )
U.S. Attorney                    ( )
Atty. for Deft.                  ( )
Defendant                        ( )
Warden                           ( )
Bureau of Prisons                ( )
Ct Reporter                      ( )
Ctroom Deputy                    ( )
Orig-Security                    ( )
Federal Public Defender          ( )
Summons Issued                   ( )  with N/C attached to complt. and served by:
                                      U.S. Marshal ( )    Pltf's Attorney ( )
Standard Order 93-5              ( )
Order to Show Cause              ( )  with Petition attached & mailed certified mail
                                      to:  US Atty Gen   ( )   PA Atty Gen ( )
                                           DA of County  ( )   Respondents ( )
Bankruptcy Court                 ( )
Other_____     ( )

                                            MARY E. D'ANDREA, Clerk

DATE: July 13th, 2001                  BY: _____
                                            Deputy Clerk