# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL A. LEHMAN | CIVIL ACTION 1: CV-01-1251 |
| Petitioner | |
| v. | (Judge Rambo) |
| ROBERT W. MEYERS, ET AL., | |
| Respondents | |

FILED
HARRISBURG
SEP 11 2001
MARY E. D'ANDREA, CLE
Per_____
DEPUTY CLERK

## RESPONSE TO PETITION FOR HABEAS CORPUS AND MEMORANDUM OF LAW

H. Stanley Rebert, District Attorney of York County, on behalf of Respondents, respectfully requests that the Petition for Writ of Habeas Corpus be denied without a hearing and, in support thereof, states:

1. A seriatim answer is dispensed with for the sake of clarity.

2. Pre-trial and Post Conviction transcripts are enclosed herein.

3. Pursuant to Rule 5, 28 U.S.C.A foll. §2254, Petitioner's appellate briefs, as well as the corresponding judicial orders and opinions, of which the undersigned has on file, are enclosed herein.

4. On January 18, 1990, after a jury trial before the Honorable John T. Miller, Senior Judge of the York County Court of Common Pleas, Petitioner was convicted of Murder in the first degree, Burglary, Robbery, and Criminal Conspiracy.

5. On October 22, 1990, Petitioner was sentenced to an aggregate term of life plus five (5) to ten (10) years imprisonment.

6. On October 25, 1990, Petitioner gave notice of appeal to the trial court. On December 27, 1991, the Pennsylvania Superior Court affirmed the judgment of sentence imposed by the trial court.

7. Petitioner did not petition the Pennsylvania Supreme Court for Allowance of Appeal.

8. On January 26, 1994, Petitioner filed a Pro Se "Petition of Court" requesting the trial court order that certified copies of court records be furnished to Petitioner. On November 24, 1997, the trial court entered an Order denying and dismissing the Petition.

9. On October 8, 1998, Petitioner filed a Pro Se Petition for Relief under the Pennsylvania Post Conviction Relief Act[1] (PCRA). On October 22, 1998, the lower court appointed PCRA counsel and on January 25, 1999, Petitioner filed an Amended PCRA Petition.

10. On January 26, 1999, a hearing was held before the Honorable Michael J. Brillhart, Judge of the York County Court of Common Pleas, and on that same date the PCRA court entered an Order denying relief on the basis that Petitioner's Petition was time barred under 42 Pa. C.S.A. §9545(b).

11. Petitioner subsequently moved for permission to amend his PCRA Petition, which was granted by the court. Following further pleadings, on May 26, 1999, the court denied and refused the Petitioner's Second Amended PCRA Petition on the basis of untimeliness.

---

[1] 42 Pa.C.S.A. §9541 *et. seq.*

12. Petitioner then appealed the PCRA court's denial of relief and, on February 25, 2000, the Superior Court affirmed the PCRA court's decision.

13. On July 20, 2000, the Supreme Court of Pennsylvania denied Petitioner's Petition for Allowance of Appeal from denial of his PCRA Petition.

14. On July 5, 2001, Petitioner filed this instant Petition for Writ of Habeas Corpus under 28 U.S.C. §2254.

15. On July 25, 2001, this Honorable Court entered an Order directing Respondents, the Commonwealth of Pennsylvania, to file an answer to the Petition within twenty (20) days. This Honorable Court later granted Respondent's request for an extension of twenty (20) days.

16. Respondents deny that Petitioner is entitled to federal Habeas Corpus review. The petition must be dismissed because Petitioner's claims are procedurally defaulted. "Regardless of whether a petitioner has exhausted available state remedies, a default in compliance with state procedural rules for raising a claim may be an independent and adequate state ground for denial of federal habeas corpus relief." *Swanger v. Zimmerman*, 750 F.2d 291, 296 (3d Cir. 1984); *See Engle v. Issac*, 456 U.S. 107, 129, 102 S.Ct. 1558,1572, 71 L.Ed.2d 783 (1982); *Wainwright v. Skyes*, 433 U.S. 72, 86-87, 97 S.Ct. 2497, 2506-07, 53 L.Ed.2d 594 (1977). "A state court's refusal to address a prisoner's federal claims because he has not met a state procedural

requirement is both independent and adequate." *Cabrera v. Barbo*, 175 F.3d 307, 312 (1991); *See Coleman v. Thompson*, 501 U.S. 722, 729-30, 111 S.Ct. 2546, 2554, 115 L.Ed.2d 640 (1991); *Lambrix v. Singletary*, 520 U.S. 518, 523, 117 S.Ct. 1517, 1522, 137 L.Ed.2d 771 (1997). Where Petitioner has not alleged, much less shown, cause and prejudice that would excuse the default, review of this claim is unavailable. *Coleman* at 750 (if highest state court has not ruled on the merits of the claims and would not now do so for procedural reasons, the claims are procedurally defaulted and will not be reviewed by a federal habeas court in the absence of a showing of cause and prejudice or that a miscarriage of justice would otherwise occur); *Teaque v. Lane*, 489 U.S. 288, 298-99 (1989) (state prisoner's failure to allege cause and prejudice to excuse state procedural default precludes federal habeas review of the defaulted claim).

17. Here, Petitioner's claims have been procedurally defaulted. Petitioner was denied relief by the state courts on the basis that Petitioner's Petition was time barred under 42 Pa. C.S.A. §9545, which states that any PCRA petition must be filed within one (1) year of the date judgment becomes final, excepting under three very limited circumstances:

> (b) Time for filing petition.—
>> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one (1) year of

        the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

    (i)    the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

    (ii)    the facts upon which a claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

    (iii)    the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

(3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review.

(4) For purposes of this subchapter, "government officials" shall not include defense counsel, whether appointed or retained.

42 Pa.C.S.A. § 9545(b).

In the instant case, judgment became final on or about January 26, 1992, when the allowed thirty (30) days to appeal the Superior Court's Order affirming the trial court tolled. Petitioner had one (1) year from that date, until January 26, 1993, to file a PCRA Petition and an additional sixty (60) days from that date in which Petitioner could have invoked one of the

exceptions to the time for filing a petition under 42 Pa.C.S.A. § 9545(b). Petitioner did not file his PCRA Petition until October 8, 1998, a full six and one-half (6½) years after allowed by statute. Accordingly, the PCRA court denied the Petitioner's first and second PCRA Petitions as being untimely, a decision affirmed by the Superior Court of Pennsylvania. The Supreme Court of Pennsylvania then denied Petitioner's Petition for allowance of appeal. As such, Petitioner has procedurally defaulted, failing to comply with state procedural rules as set out by statute. This constitutes an independent and adequate state ground for denial of federal habeas corpus relief.

(18) In sum, Petitioner's Petition for Writ of Habeas Corpus to this Honorable Court should be denied due to procedural default.

WHEREFORE, Respondents respectfully request that the Petition for Writ of Habeas Corpus be denied without a hearing.[2]

Date: 9-7-01

Respectfully submitted,

H. Stanley Rebert, Esquire
District Attorney
Office of the District Attorney
York County Courthouse
28 East Market Street
York, PA 17401
(717) 771-9600
I.D. # 15321

---

[2] The procedural default issue is dispositive at this point. Should the Court desire a response on the merits, Respondents will promptly supply one.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL ALLEN LEHMAN,  :  CIVIL ACTION NO. 1:CV-01-1251
        Petitioner  :
                               :  (Judge Rambo)
        v.  :
                               :
ROBERT W. MEYERS, ET AL.,  :
        Respondents  :

## CERTIFICATE OF SERVICE

I, H. Stanley Rebert, hereby certify that on September 7, 2001, a copy of the foregoing Response to Petition for Habeas Corpus and Memorandum of Law was served by placing same, postage paid, in the United States Mail addressed to:

        Michael A. Lehman
        Inmate No BJ-1575
        S.C.I. Rockview
        Box A
        Bellefonte, Pennsylvania 16823

        _____
        H. Stanley Rebert, Esquire
        District Attorney
        Office of the District Attorney
        York County Court House
        28 East Market Street
        York, Pennsylvania 17401
        (717) 771-9600
        I.D. #15321

_9-7-01_____
**Date**