IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MICHAEL A. LEHMAN,** | CIVIL NO.1:CV-01-1251 |
| Petitioner | |
| v. | **FILED**<br>HARRISBURG, PA |
| **ROBERT W. MEYERS, et al,** | OCT 22 2001 |
| Respondents | MARY E. D'ANDREA, CLERK<br>Per _____ Deputy Clerk |

## MEMORANDUM

Petitioner Michael A. Lehman, an inmate presently confined at the State Correctional Institution at Rockview ("SCI-Rockview"), located in Bellefonte, Pennsylvania, filed a pro se petition for writ of habeas corpus in this court, pursuant to 28 U.S.C. § 2254. The parties have briefed the issues and the petition is ripe for disposition.

### I.     Background

Petitioner was convicted by jury of first degree murder, burglary, robbery and criminal conspiracy. On October 22, 1990, the Honorable John T. Miller, Senior Judge of the York County Court of Common Pleas sentenced Petitioner to an aggregate term of life plus five to ten years imprisonment.

Petitioner appealed the sentence, and, on December 27, 1991, the Pennsylvania Superior Court affirmed the trial court's sentence. Petitioner did not seek a petition for allowance of appeal before the Pennsylvania Supreme Court. Petitioner contends that on January 26, 1994, he filed a pro se "petition of court" requesting certified copies of court records and transcripts in order to prepare a post conviction challenge.

On October 8, 1998 – almost eight years after Petitioner's sentence was imposed and over four years after filing his "petition of court" – Petitioner filed for

relief under the Pennsylvania Post Conviction Relief Act ("PCRA") in the York County Court of Common Pleas. After a hearing, that court denied Petitioner relief holding that his petition was time barred under 42 Pa. Cons. Stat. Ann. § 9545 (b) (West 1999). After granting Petitioner leave to amend the petition, the York County Court of Common Pleas denied the petition, once again, as untimely. On February 25, 2000, the Pennsylvania Superior Court affirmed the trial court's ruling. On July 20, 2000, the Supreme Court of Pennsylvania refused to grant Petitioner an allowance of appeal.

Petitioner filed the instant petition for writ of habeas corpus on July 5, 2001. On July 25, 2001, the court entered an order directing respondent to file an answer to the petition within twenty days. On the date their response was due, Respondents filed a motion for extension. By an order dated August 15, 2001, the court granted Respondents' motion and directed that they file their response no later than September 7, 2001. However, Respondents did not file the required documents until September 11, 2001. Petitioner did not file a reply brief. The matter is now ripe for disposition. Because the court finds that Petitioner's PCRA petition was barred under the state statute of limitations, the court will dismiss the present petition.

## II.      Discussion

On November 17, 1995, the General Assembly of the Commonwealth of Pennsylvania amended the PCRA to require, as a matter of jurisdiction, that all PCRA petitions must be filed within a certain period of time after judgment. *Commonwealth v. Fahy*, 737 A.2d 214, 217-18 (Pa. 1999) . Under the revised

2

PCRA, a petitioner convicted before the passage of the revised PCRA was given one year from the act's passage to petition for post conviction relief. 42 Pa. Cons. Stat. Ann. § 9545 (Historical Notes). The amended PCRA became effective on January 16, 1996 giving Petitioner until January 17, 1997 to file his petition. (Pet. Br. App. B at 20.) However, as previously stated, Petitioner did not file his Petition until October 22, 1998.

Petitioner, however, argues that a different limitations period applies. According to Petitioner, in *Commonwealth v. Legg*, 711 A.2d 430 (Pa. 1998), the Pennsylvania Supreme Court announced a new rule concerning ineffective assistance of counsel that would give rise to post conviction relief for him. Thus, according to Petitioner, his PCRA petition fell within the statute of limitations under 42 Pa. Cons. Stat. Ann. § 9545 (b)(1)(iii).[1]

Assuming for the sake of argument that § 9545 (b)(1)(iii) applies to Petitioner through *Commonwealth v. Legg*, the PCRA petition was still barred by the statute of limitations found in § 9545 (b)(2) (granting petitions filed pursuant to subsection (1) an extra sixty days from "the date the claim could have been presented"). The Supreme Court of Pennsylvania issued its decision in

---

[1] 42 Pa. Cons. Stat. Ann. § 9545 (b) states in relevant part:
(b) Time for filing petition. --
    (1) Any petition filed under this subchapter . . . shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner prove that: . . .
        (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.
    (2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.
42 Pa. Cons. Stat. Ann. § 9545.

3

*Commonwealth v. Legg* on April 3, 1998. Petitioner did not file the PCRA petition until October 8, 1998. Even according to Petitioner, that fell "well beyond the sixty (60) days." (Pet. Br. at 9.) Petitioner, however, argues that the sixty day period did not begin to run on the decision date, but rather on the date of publication – July 16, 1998. Even if this were the case, which the court does not hold here, the sixty day period expired on September 15, 1998, almost one month before Petitioner filed his PCRA petition. Therefore, even under the best possible scenario, Petitioner's PCRA petition fell outside the applicable statute of limitations.

Petitioner argues, however, that the term "shall be filed within 60 days of the date the claim could have been presented," should be read to mean that his petition should have been filed within sixty days of when he became subjectively aware of the ruling in *Commonwealth v. Legg*. According to Petitioner, he did not become aware of that ruling until October 22, 1998, the date counsel was appointed. (Pet. Br. at 10.) Petitioner relies on *Commonwealth v. Fahy*, 737 A.2d at 218-19, in support of this proposition. However, Petitioner's reliance on *Fahy* is misplaced. Principally, *Fahy* involved a claim under the governmental interference exception in § 9545 (b)(1)(i), not under § 9545 (b)(1)(iii) as Petitioner claims. Petitioner cites no law legitimizing his claim that the sixty day period did not begin to run until he became subjectively aware of the possibility that *Commonwealth v. Legg* could offer him reprieve from his sentence. As previously stated, in order to be eligible for the exceptions from the one year filing requirement, Petitioner must not only allege, but also *prove* his eligibility to such exception. *See* § 9545 (b)(1). Petitioner has failed to carry this burden. Furthermore, § 9545 (b)(1)(iii) requires not only that the right be recognized by the United States or Pennsylvania Supreme Court, but that such a

4

court apply the right retroactively. The Pennsylvania Supreme Court has not held that *Commonwealth v. Legg* applies retroactively.

If a state court has refused to consider a petitioner's claims because of a violation of state procedural rules, a federal habeas court is barred from considering the claim unless the petitioner can show cause for the default and prejudice as a result. *Caswell v. Ryan*, 953 F.2d 853, 857 (3d Cir. 1992) (citing *Harris v. Reed*, 489 U.S. 255 (1989)). In this respect, Petitioner argues that he delayed in filing the PCRA petition because the trial court waited until November 24, 1997, when the trial court denied his "Petition to the Court" for his transcript and full trial court record. However, as Petitioner points out himself, the trial court was under no obligation to comply with Petitioner's request. *See Commonwealth v. Martin*, 705 A.2d 1337 (Pa. 1998); *Commonwealth v. Ballem*, 482 A.2d 1322 (Pa. 1984). As a result, Petitioner has failed to establish a valid cause for his delay.

Because Petitioner's state claims are procedurally defective under the applicable state statute of limitations, the court must dismiss the present petition. *See Swanger v. Zimmerman*, 750 F.2d 291, 296 (3d Cir. 1984) ("Regardless of whether a petitioner has exhausted state remedies, a default in compliance with state procedural rules for raising a claim may be an independent and adequate state ground for denial of federal habeas corpus relief."); *see also Toulson v. Beyer*, 987 F.2d 984, 987 (3d. Cir. 1993) (citing *Teague v. Lane*, 489 U.S. 288 (1989)).

5

### III. Conclusion

Because Petitioner's state claims are procedurally defective, the court will dismiss Petitioner's present federal habeas corpus petition. An appropriate order will issue.

SYLVIA H. RAMBO
United States District Judge

Dated: October 22, 2001.

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

\* \* MAILING CERTIFICATE OF CLERK \* \*

Re:  1:01-cv-01251   Lehman v. Meyers

True and correct copies of the attached were mailed by the clerk to the following:

```
Michael A. Lehman BJ-1575
SCI-Rockview
Box A
Bellefonte, PA  16823-0820

Edward A. Paskey, Esq.
H. Stanley Rebert U, Esq.
York County Courthouse
28 East Market Street
York, PA  17401 Fax No.: fax 717-771-9738
```

```
cc:
Judge                         (X )        ( ) Pro Se Law Clerk
Magistrate Judge              ( )         ( ) INS
U.S. Marshal                  ( )         ( ) Jury Clerk
Probation                     ( )
U.S. Attorney                 ( )
Atty. for Deft.               ( )
Defendant                     ( )
Warden                        ( )
Bureau of Prisons             ( )
Ct Reporter                   ( )
Ctroom Deputy                 ( )
Orig-Security                 ( )
Federal Public Defender       ( )
Standard Order 93-5           ( )
Bankruptcy Court              ( )
Other_____    ( )
```

MARY E. D'ANDREA, Clerk

DATE: October 22nd, 2001                BY: _____
                                             Deputy Clerk